proceed with the motions calendar first we have one motion to be argued it is Thomas versus the State of New York good morning just one second okay go right ahead okay good morning at this point in the proceedings the arguments that we make are all under ineffective assistance of counsel and we really have three arguments of a Fourth Amendment claim a failure to explore the identification procedure and undue suggestiveness and then the trial strategy so just briefly on each of the three trial counsel did argue that the police didn't have probable cause to go and arrest petitioner on December 28th because the photo array from the day before relied on a photo spread that did not include petitioner it mistakenly included another Sheldon Thomas so he did argue that the day after that faulty photo array they didn't have probable cause to arrest petitioner what he failed to argue was that once the arresting officer found out about his mistake he found out that when the photo array occurred petitioner was not in it and therefore he didn't have probable cause what trial counsel should have argued was that at that moment during the custodial interrogation petitioner should have been released because there was no longer probable cause let me ask you this so what question shortly after that photo array there was a lineup and three witnesses identified your client how is it prejudicial well that's the fruits at that point once you didn't have cause to hold him anymore because there no longer was a selection from a photo array and there was no independent evidence that petitioner is the one who had committed this crime they should have released him during the course of that custodial interrogation instead they held him for a lineup and it's the was the fruits of unlawful police conduct was the custodial interrogation somehow related to the lineup it wasn't the custodial it wasn't the custodial interrogation during that interrogation the the interrogating officer admits that he overstated the case to try and provoke petitioner and he told him multiple people multiple people have identified you and petitioner said that can't be true and the arresting officer pulled out the photo array and said you know someone had written down number five and refuses yes so at that moment that's why the custodial custodial interrogation is relevant because of that moment they no longer had probable cause to hold them they didn't have a right to keep him in a cell they didn't have a right to go and get fillers they didn't have a right to subject him to that police arranged identification procedure moving on to point two there was a fairly boilerplate there really was no question that the person who picked the wrong and close picture out of the lineup didn't actually think it was the guy whose picture it was didn't he think didn't he know your client well that's another thing she it's a she that's okay and the defense counsel failed to ask for a hearing a pretrial hearing about the parties being known to each other if they were known to each other then it's a confirmatory identification as opposed to a police arranged identification procedure between strangers and he failed to explore that there was some kind of claim that they knew each other and that kind of bleeds into the last of our three points even though all that yes she said that I she knew him and this did not this was not allowed to come in the trial court made a ruling that this would not come in and the defense of the trial counsel elicited that she knew him she had seen him beating people up on the street and shooting people for fun so that was the last of our three points that trial counsel made these decisions to bring certain things out and I think he did it in part to explore the point that your honor just raised about whether she knew him or not and whether she had implied that they were strangers and I guess that's inconsistent with what she said about knowing him was inconsistent or not knowing him was inconsistent with what she ended up that wouldn't have come in but trial counsel brought that in I thought actually it was beat up people for fun but but more than that isn't that really just trial strategy well it could only be trounced on it could only be trial strategy when you weigh that the two parts of it the it was what they what trial counsel brought out was so damaging I don't think anyone could trial counsel we tried to get his notes from his the case and and then in the end he submitted an affidavit without giving us notes and without speaking to us and he didn't address what his trial strategy was now the court below and the district court reasoned as your honor is suggesting that maybe it was a matter of was identified at a lineup as a perpetrator by a guy named Freddy Patrice Freddy Patrice had testified a trial that he didn't identify anybody at identification procedures and the trial judge wouldn't let the people admit that he had identified people through the officer that would have been hearsay but trial counsel elicited that our client had been identified by Freddy perpetrator of the crime so yes it could be trial strategy but under the facts of the case these two things that are so damaging and I have written down shooting people for fun but maybe I'm wrong about that but the fact that he was identified by somebody in the fact that either way either way it's very bad yeah we have your papers I want we turn to mr. Tversky good morning my name is Shalom Tversky I represent the respondent we are just to decide whether a certificate should be granted and the standard for that is whether there was a substantial showing of a denial of a federal constitutional right so the question is that did judge Donnelly get it wrong when she found that under at deference that this the lower courts decision the the 440 court as well as the appellate division was their decision contrary to or an unreasonable application of Strickland v. Washington and it wasn't there's a presumption of effectiveness here judge Donnelly went thoroughly through all of defendants claims and made the determination that in fact that presumption had not been overcome either because either defense counsel did in fact make the argument that defense counsel is claiming they didn't make in terms of probable cause he did argue that because there was no probable cause the lineups should be suppressed and the other important thing to remember is that in terms of probable cause just because of the mistake that didn't mean probable cause immediately was eliminated there were there was a lot of there were numerous anonymous tips the defendants own statement to detective Martin in which the detective Martin he defended started giving an alibi so because because the detective had said and he said oh yeah I went to this place at this time texted well that's interesting because we have information to say that the murder occurred at this time oh no I meant I was there at that time so detective Martin was saying his inconsistent statements the anonymous tip plus a Leah Charles when she looked at that picture she said I'm only ninety percent sure and I need to see him to make to know for sure and in fact when she saw the lineup she was sure and disagreement that there was a striking resemblance between the person in the photo and the defendant your honor judge judge del Judas the 440 court judge had the defendant sitting at the defense table and he said that he could see how she could have made the mistake the appellate division we submitted a picture the arrest photo as well as they had the photo from the array and the appellate division found there that there was a resemblance so the fact is the state courts have already made a finding that there was a striking resemblance and therefore if you if you couple and not the anonymous tips where somebody actually mentioned the name Sheldon as well as his correct address and you couple that with her being 90% sure where there's no there's no dispute that there was a striking resemblance at least based on the New York State courts findings then there's nothing to suggest that defense counsel is anything wrong here in terms of the other two points I'll rely on my brief other than to say and I can't make say this any stronger is they even when my adversary was suggesting the three points he was about to raise to this court he said and the third one is trial strategy well we all know when it comes to trial strategy that's something that you don't second guess post conviction as long as it's reasonable and based on the arguments we made in our brief it was and therefore the certificate should be denied thank you thank you well we'll reserve decision on the motion